IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff/Respondent,**

**v.**                                **No. CV 13-0449 JH/LAM**
                                            **CR 10-3366 JH**

**MARK ALFONSO ORTIZ,**

       **Defendant/Movant.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant (hereinafter "Defendant") Mark Alfonso Ortiz' Section 2255 motion [*Doc. 1*],[2] filed on May 13, 2013. Also before the Court is Defendant's *Motion for Appointment of Coun[s]el (Doc. 4)*, filed May 23, 2013. Plaintiff/Respondent (hereinafter "the Government") filed responses to the Section 2255 motion and motion for appointment of counsel on June 5, 2013 (*Docs. 5* and *6*, respectively). No replies have been filed and the time for doing so has passed.

United States District Judge Judith C. Herrera referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 2*]. Having considered the parties' submissions, relevant law, and the record in this case and

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-13-0449.

in Defendant's underlying criminal case contained in Case No. CR-10-3366, the undersigned recommends, for the reasons set forth below, that the claims raised in Defendant's Section 2255 motion [*Doc. 1*] and motion for appointment of counsel [*Doc. 4*] be **DENIED**, and that Case No. CIV-13-0449 be **DISMISSED with prejudice**.

In his Section 2255 motion, Defendant claims that his trial counsel "J. Campbell,"[3] was ineffective for: (1) failing to ask for a mental health evaluation for Defendant; (2) guaranteeing that Defendant would receive no more than a 40-month sentence, and then withdrawing when Defendant refused to sign a plea agreement for a fifteen-year sentence; and (3) failing to object to an enhancement for Defendant being an Armed Career Criminal when requested to do so by Defendant. [*Doc. 1* at 4]. Defendant further claims that the Government engaged in prosecutorial misconduct by failing to notify Defendant of its intention to enhance Defendant's sentence under the Armed Career Criminal Act prior to Defendant signing the plea agreement. *Id.* at 5.

## Factual and Procedural Background

On December 15, 2010, Defendant was charged by federal indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [*Doc. 2*, filed in Case No. CR-10-3366]. On August 5, 2011, Defendant entered into a plea agreement with the Government pursuant to which Defendant pled guilty to the charges in the indictment. [*Doc. 20*, filed in Case No. CR-10-3366, at 2]. In the plea agreement, Defendant waived his appellate rights to "any collateral attack to [his] conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver." *Id.* at 9. The Government states that, on November 1, 2011, the United States

---

[3]Defendant's trial counsel's name is spelled "CampBell," not "Campbell."

Probation Office disclosed Defendant's Presentence Report (hereinafter, "PSR"), which indicated that the United States Probation Office had found Defendant to be an Armed Career Criminal and subject to enhancement of his sentence as set forth in 18 U.S.C. § 924(e). [*Doc. 5* at 2].[4]

On November 15, 2011, Defendant's attorney, Joseph CampBell, by letter, raised informal objections to the PSR, and the United States Probation Office responded to Mr. CampBell's letter on November 23, 2011. *See* [*Doc. 5-1*] (the United States Probation Office's November 23, 2011 response to Mr. CampBell's November 15, 2011 letter). On November 23, 2011, Mr. CampBell filed a motion to continue Defendant's sentencing hearing (*Doc. 24,* filed in Case No. CR-10-3366), which was granted by the Court on November 29, 2011 (*Doc. 25*, filed in Case No. CR-10-3366). On March 27, 2012, the Court rescheduled Defendant's sentencing hearing for April 18, 2012. [*Doc. 26*, filed in Case No. CR-10-3366]. After a hearing on April 18, 2012, the Court continued the sentencing hearing again and, on May 31, 2012, the Court re-set the hearing for June 18, 2012. [*Docs. 27* and *28*, filed in Case No. CR-10-3366]. On June 13, 2012, Mr. CampBell filed a motion to withdraw as attorney for Defendant, to appoint new counsel for Defendant, and to continue the sentencing hearing. [*Doc. 29*, filed in Case No. CR-10-3366]. In the motion to withdraw, Mr. CampBell stated that he "can no longer effectively represent [Defendant] due to a communications break down and [Defendant's] unwillingness to follow the advice of Undersigned Counsel." *Id.* at 1. On June 18, 2012, the Court held a hearing on the motion to withdraw (*Doc. 31*, filed in Case No. CR-10-3366), and, on June 20, 2012, the Court appointed new counsel to represent Defendant (*Doc. 33*, filed in Case No. CR-10-3366).

---

[4]It is the Court's practice to not file confidential PSRs on the Court's CM-ECF docket, and neither party provided a copy of the PSR in their submissions. The Court has determined that its review of the PSR is not necessary for the Court's determination of Defendant's Section 2255 motion inasmuch as neither party disputes the content of the PSR.

On July 31, 2012, the Court re-set the sentencing hearing for August 29, 2012. [*Doc. 35,* filed in Case No. CR-10-3366]. On August 20, 2012, Defendant's new counsel, James C. Loonam, filed an unopposed motion to continue the sentencing hearing yet again (*Doc. 36*, filed in Case No. CR-10-3366), which was granted by the Court, and the hearing was re-set for September 20, 2012 (*Docs. 37* and *38*, filed in Case No. CR-10-3366). On August 22, 2012, Mr. Loonam filed objections to the PSR. [*Doc. 39,* filed in Case No. CR-10-3366]. The United States filed its response to the objections on September 13, 2012. [*Doc. 40*, filed in Case No. CR-10-3366]. On September 20, 2012, the Court held a hearing, at which the Court allowed the previous plea agreement to be withdrawn and continued the sentencing hearing again. *See* [*Doc. 43*, filed in Case No. CR-10-3366]. At the same hearing, the parties then entered into a new plea agreement, pursuant to which Defendant plead guilty to the charges in the indictment, on the condition that, if the district court ruled adversely to Defendant's objection to the PSR's finding that Defendant is an Armed Career Criminal subjecting him to an enhanced sentence, Defendant reserved his right to appeal such adverse ruling. [*Doc. 44*, filed in Case No. CR-10-3366, at 2]. Pursuant to the new plea agreement, Defendant again waived his appellate rights to "any collateral attack to [his] conviction pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver." *Id.* at 8. On September 24, 2012, the Court held a hearing at which the Court found that Defendant was not an Armed Career Criminal offender, and rejected the portion of the PSR finding otherwise. [*Doc. 51* at 6]. The Court sentenced Defendant to 100 months imprisonment, followed by three years of supervised release. [*Doc. 46*, filed in Case No. CR-10-3366, at 2-3]. Defendant filed his Section 2255 motion on May 13, 2013. [*Doc. 1*]. The Court reviews Defendant's *pro se* pleadings under a liberal standard. *See United States v. Guerrero*,

488 F.3d 1313, 1316 (10th Cir. 2007).  However, the Court may not act as Defendant's advocate in this proceeding.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Discussion

Defendant claims that the first counsel he had in his criminal case, Mr. CampBell, was ineffective for: (1) failing to ask for a mental health evaluation for Defendant; (2) guaranteeing that Defendant would receive no more than a 40-month sentence, and then withdrawing when Defendant refused to sign a plea agreement for a fifteen-year sentence; and (3) failing to object to an enhancement for Defendant being an Armed Career Criminal when requested to do so by Defendant. [*Doc. 1* at 4].  Defendant also claims that the Government engaged in prosecutorial misconduct by failing to notify Defendant of its intention to enhance Defendant's sentence under the Armed Career Criminal Act prior to Defendant signing the plea agreement.  *Id.* at 5.

In response, the Government contends that, pursuant to his plea agreement, Defendant has waived his right to bring these claims.  [*Doc. 5* at 5-9].  The Government further contends that, even if Defendant has not waived his right to bring these claims, Defendant is not entitled to relief because his claims are without merit because he cannot show prejudice on either claim.  *Id.* at 9-11.

### *1. Waiver of Right to Collaterally Attack Sentence*

The Court finds that Defendant's claims are waived because Defendant's plea agreement precludes his right to collaterally attack his sentence.  The plea agreement states that "Defendant agrees to waive any collateral attack to the Defendant's conviction pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver."  [*Doc. 44*, filed in Case No. CR-10-3366, at 8]; *see also United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (explaining that "a plea agreement waiver of postconviction

rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver"). Defendant's ineffective assistance of counsel claims pertain to his representation by Mr. CampBell, who withdrew from representing Defendant prior to the time the second plea agreement was entered into, and do not pertain to the counsel Defendant had at the time he entered into the plea agreement. Plaintiff makes no claim that Mr. CampBell was involved in any way with the plea agreement pursuant to which Defendant was sentenced, so the Court finds that Defendant's Section 2255 claims against his prior counsel regarding a prior plea agreement, that was later withdrawn, are waived. *See* [*Doc. 44*, filed in Case No. CR-10-3366, at 8] (Defendant's plea agreement, stating that the only Section 2255 claims that are not waived by Defendant are those "on the issue of counsel's ineffective assistance in negotiating or entering [into] this plea or this waiver") (emphasis added). While Defendant may have been able to bring an ineffective assistance of counsel claim regarding Mr. CampBell's assistance in negotiating or entering the first plea agreement, if that agreement been accepted by the Court and provided the basis for Defendant's conviction and sentence, that plea agreement was withdrawn and, therefore, cannot be the subject of a Section 2255 motion to vacate, or set aside, or correct a sentence. *See* 28 U.S.C. § 2255(a) (explaining that Section 2255 allows federal prisoners who claim to be in custody pursuant to a sentence that was imposed in violation of the Constitution or laws of the United States, to "move the court which imposed the sentence to vacate, set aside or correct the sentence"). Because neither Defendant's ineffective assistance of counsel claims, nor his prosecutorial misconduct claim, challenge the effectiveness of his counsel in negotiating or entering into the plea or waiver that is currently in effect, Defendant's claims are waived and should be dismissed.

The Tenth Circuit has explained that such waivers are "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *Cockerham*, 237 F.3d at 1183. Defendant does not contend that he was coerced or otherwise unknowingly or involuntarily entered into the plea agreement and waiver. The plea agreement states that "Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement)." [*Doc. 44*, filed in Case No. CR-10-3366, at 8]. In addition, at his plea hearing, the Court asked Defendant if anyone had threatened or tried to force him into pleading guilty, and he stated, "No, sir." [*Doc. 50*, filed in Case No. CR-10-3366, at 8-9]. The Court, therefore, finds that Defendant knowingly and voluntarily agreed to waive any collateral attack to his convictions except on the basis of ineffective assistance of counsel in negotiating or entering into the plea agreement. In addition, the Court finds that the other exceptions to the waiver rule are not at issue here. *See Cockerham*, 237 F.3d at 1182 (explaining that other exceptions include circumstances where the court relies on an impermissible factor such as race, where the agreement is otherwise unlawful, or where a sentence exceeds the statutory maximum).

For these reasons, the Court finds that Defendants' claims are waived pursuant to his plea agreement. The Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief. *See* 28 U.S.C. § 2255(b) (explaining that the Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). Therefore, no evidentiary hearing will be held.

The Court also finds that there is no need to appoint counsel for Defendant, so the Court recommends denying Defendant's motion for appointment of counsel [*Doc. 4*]. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, . . . and we decline to so hold today.") (citation omitted); *see also United States v. Moya-Breton*, No. 11-4116, 439 Fed. Appx. 711, 2011 WL 4448857 (10th Cir. Sept. 27, 2011) (unpublished) (explaining that "the decision to appoint counsel is left to the sound discretion of the district court") (citation, internal quotation marks and brackets omitted).

## Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Defendant's Section 2255 Motion and *Motion for Appointment of Coun[s]el (Doc. 4)* be **DENIED**, and that Case No. CIV-13-0449 be **DISMISSED with prejudice**.

*Lourdes a. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**